# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMES A. BIGGLEST, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV411-116 |
| CITY OF SAVANNAH PARKING SERVICES, | ) ) ) ) | |
| Defendant. | ) | |

# **ORDER**

All scheduling deadlines have elapsed in this case. In fact, the last day for filing civil motions was November 26, 2011. (Doc. 10.) Plaintiff requests a trial date. (Doc. 14 (motion requesting a trial date).) Defendant opposes, asking that a new scheduling order be entered. (Doc. 15.) According to defendant, it failed to engage in discovery, file dispositive motions, or otherwise defend the action due to its belief that the case was so frivolous that plaintiff had walked away from it. (*Id.*) Now that it knows otherwise, defendant represents that it is ready to defend the case. (*Id.*) Bigglest responds that he has already fully prepared his case and is ready for an immediate trial, hence defendant should not

be granted any extensions. (Doc. 16.)

Defendant, of course, should be well aware that litigation does not proceed in the lackadaisical manner it envisions in its response. Since this case is governed by a scheduling order, a modification may only be made "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 advisory committee's note). "If a party was not diligent, the (good cause) inquiry should end." *Id.* (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). The Court's scheduling order directed the parties to *complete* all discovery by October 27, 2011. (Doc. 10.) Defendant evidently never even *commenced* discovery prior to that deadline. The Court's local rules provide that "[e]xcept for good cause shown, no extension of time for discovery shall be granted unless a motion for an extension of time is filed prior to the expiration of such discovery period." S.D. Ga. LR 26.2. Defendant's private belief that plaintiff's case is utterly without merit does not furnish

good cause for noncompliance with the scheduling order. Nor does this pro se plaintiff's failure to live up to his own obligations as a litigant somehow excuse defendant -- who is represented by counsel -- from ignoring this Court's order.[1]

Discovery in this case has closed. The Court will not re-open it on the flimsy ground offered by the defendant.[2] Hence, defendant's request for an extension (doc. 15) is **DENIED**. It will, however, allow either party 14 days within which to file a dispositive motion. The Court does this not as a favor to the parties but to further the public interest in judicial economy, for it would be pointless and wasteful to invest further time and resources in a case that is subject to summary judgment. Finally, the Court **DENIES** for now Bigglest's motions to set a trial date. (Docs. 14 &

---

[1] The scheduling order required the parties to enter a joint status report by September 7, 2011. (Doc. 10.) They failed to do so.

[2] Additionally, defendant's request for a discovery extension, which the Court construes as a motion, was filed outside of the civil motions deadline. It is well established that "[a] motion that is untimely pursuant to a duly entered . . . scheduling order may be denied on that ground alone." *Gallien v. Binkley*, 2008 WL 4916394 at *2 (S.D. Ga. Nov. 14, 2008) (quoting *Oakes v. Trs. of Columbia Univ.*, 1988 WL 132890 at * 3 (S.D.N.Y. Dec. 6, 1988)); *Johnson*, 975 F.2d at 608-09 (affirming district court's denial of leave to amend where motion filed after scheduling order cut off); *see also Dredge v. Kendrick*, 849 F.2d 1398 (11th Cir. 1988) (a summary judgment motion filed outside of the motions deadline need not be considered).

17.)

**SO ORDERED** this  22nd  day of March, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA