# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

JAMES A. BIGGLEST,                )
                                  )
    Plaintiff,           )
                                  )
v.                                )    Case No.  CV411-116
                                  )
CITY OF SAVANNAH PARKING          )
SERVICES,                         )
                                  )
    Defendant.           )

## <u>REPORT AND RECOMMENDATION</u>

After discovery closed, defendant in this race and sex discrimination case asked for an extension of time, explaining that it had failed to conduct any meaningful discovery because it believed that plaintiff James A. Bigglest had walked away from the case. (Doc. 15.) The Court denied the motion, relying in large part upon Bigglest's assertion that he had already completed discovery and was ready to take the case to trial. (Doc. 16.) Upon receiving defendant's motion for summary judgment, however, plaintiff has reversed course. Now he states that he has "repeatedly ask[ed] for a court hearing . . . because the City of Savannah attorney(s)

have consistently blocked, refuse, and threaten Plaintiff . . . in his attempts to gain evidence from City employees and organizations that, have the, or has the evidence and statements to verify" his case.[1] (Doc. 21 at 1.)

But Bigglest never filed a motion to compel or a motion for discovery sanctions, and he has *repeatedly* asked the Court to set a trial date. (Docs. 14, 17, & 25.) In his second trial date request, he attached a questionnaire for several employees (doc. 17), but discovery had ended several months prior (*see* doc. 18 (noting discovery ended in October 2011)), and, again, Bigglest had indicated that he had already fully prepared his case (doc. 16 ("Plaintiff, James A. Bigglest, has prepared his case and is ready for an immediate trial.")). Of course, what's sauce for the goose is also sauce for the gander. Since Bigglest opposed any discovery extension for defendants (doc. 16), the Court will not entertain his late discovery-related assertions.

---

[1] Defendant refused to answer those questions precisely because discovery was closed. (Doc. 21-1 at 2.) It also refused to allow him to contact city employees directly after receiving complaints that he had harassed employees in an attempt to gather evidence. (Doc. 21-1 at 3.) It properly explained that any future contact with City employees should be made through its counsel. (*Id.*) Nothing Bigglest has attached to his response suggests any sort of discovery abuse by defendant.

Before stepping through the merits of plaintiff's claims, the Court will first entertain defendant's contention that Bigglest has sued the wrong entity.[2] He named City of Savannah Parking Services in his complaint. (Doc. 1.) The trouble is, there is no "City of Savannah Parking Services." Instead, the City has a Mobility and Parking Services Department. (Doc. 19-2 at 12.) And even that isn't a proper defendant, since Bigglest was actually employed by the City itself, and his suit should thus be against the Mayor and Alderman of the City of Savannah. (*Id.*) He was put on notice about the problem in defendant's answer, filed on June 9, 2011. (Doc. 7 at 1 ("COMES NOW THE MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH . . . incorrectly denominated in the caption of the case, above, as City of Savannah

---

[2] Defendant also insists that there are several defects in the initial pleading, including Bigglest's failure to accompany the complaint with a summons or attach the Equal Employment Commission ("EEOC") right-to-sue letter. (Doc. 19-2 at 8-11.) Bigglest, however, actually *did* include the right-to-sue letter in his initial filing, but it was attached to his *in forma pauperis* motion rather than his complaint. (Doc. 2 at 8-10.) Additionally, the failure to include a summons falls upon the Clerk and Marshal, since service was made in accordance with Fed. R. Civ. P. 4(c)(3) (in *in forma pauperis* cases, courts must order service by marshal). Finally, while Bigglest missed a few check-boxes on the form complaint (most critically, he failed to check a box indicating which discrimination statute he was invoking), the Court is satisfied that it is sufficiently clear from the rest of the pleading that he was raising a claim under Title VII of the Civil Rights Act of 1964. Consequently, it will not dismiss for failure to properly invoke the Court's jurisdiction. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (reiterating that courts are to liberally construe *pro se* pleadings).

Parking Services"); *id.* at 3 (claim noting that the City of Savannah Parking Services is a non-entity incapable of being sued; moreover it was not plaintiff's employer and did not terminate him).) Bigglest concedes his error, but in an anemic attempt to overcome the obstacle, he has replaced "City of Savannah Parking Services" with "City of Savannah" in his sur-reply and states that it is clear that he meant to sue the city. (Doc. 24.) Whether he meant to or not, Bigglest named the wrong defendant and dismissal is thus appropriate. But even if the Court were to allow Bigglest to amend his complaint this late in the proceedings, his case still fails.

Under Fed. R. Civ. P. 56(a), the Court must grant summary judgment where the movant "shows that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." *Id.* A genuine dispute as to a material fact can only be found "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue

of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotation omitted). The movant meets this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23; *see also* Fed. R. Civ. P. 56(c)(1). After the movant satisfies this requirement, the burden shifts to "the adverse party [who] must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quotation omitted). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48 (emphasis in original). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). And "[a]ll reasonable inferences arising from the undisputed facts should be made in favor of the nonmovant, but an inference based on speculation and conjecture is not reasonable." *Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480, 1482 (11th Cir. 1985) (citation omitted).

5

Here, defendant has presented affidavits showing that Bigglest was fired not because of any discriminatory intent but because he was insubordinate and confrontational. (Doc. 19-2 at 14-15.) The City of Savannah's human resources director referenced Bigglest's city career and demonstrated that he had already been terminated from a job as a maintenance worker in 1996 based on an unsatisfactory probationary period, but was eventually returned to full employment as a "recreation leader." (Doc. 19-3 at 3 (Mary Beth Robinson aff.).) In 2000, he was disciplined for impersonating his supervisor, giving orders to co-workers, being ejected from a basketball game for unsportsmanlike conduct, and then leaving work without permission. (*Id.*) He resigned, not long after, but was re-hired as a "leisure services leader" in 2007. (*Id.* at 4.)

Thereafter, he was again reprimanded for allowing two ineligible children play basketball by listing them under the names of two eligible players. (*Id.*) He was removed as coach and placed on probation. (*Id.*) He was demoted to the position of "parking services officer," but within a matter of months he was again disciplined for insubordinate, confrontational, and threatening behavior towards the director of the Leisure Services Bureau. (*Id.*) In April 2010, he barged into his

supervisor's office to complain about a work-related evaluation that affected his salary. (Doc. 19-7 at 2-3 (Joseph Sherouse aff.).) His supervisor reported that he, along with his staff, "became very concerned that Mr. Bigglest would become more violent," but he eventually left "without the incident escalating any further." (*Id.*) But by October 2010, he was again terminated, this time after numerous customer complaints taken along with his steadfast "refusal to follow directions and a pattern of rude, inappropriate and confrontational behavior." (Doc. 19-3 at 5.) And Bigglest, a black man, was fired by a black man, and his termination was sustained by a black woman. (Doc. 19-3 at 2 (Mary Beth Robinson aff.); doc. 19-5 at 3 (Sean Brandon aff.) (Brandon, Bigglest's supervisor, states he terminated Bigglest for his history of confrontational and inappropriate behavior, along with his refusal to take responsibility for his actions or to participate in anger management exercises).)

Bigglest has failed to offer any sworn evidence contradicting defendant's account. He has not offered any direct evidence of racial or sexual discrimination. Nor has he offered any facts suggesting an inference of discrimination. That is, he has failed to offer facts supporting a *prima facie* case of discrimination, since he has failed to

show that his employer treated similarly situated employees outside of his protected class more favorably than he was treated. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) (to establish a prima facie case of race or sex discrimination the plaintiff must show: that (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) his employer treated similarly situated employees outside of his protected class more favorably than he was treated; and (4) the employment action was causally related to the protected status); *Burke-Fowler v. Orange County, Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006) (same); *Alford v. Florida*, 390 F. Supp. 2d 1236, 1247 (S.D. Fla. 2005) (same). Nor has he shown any facts supporting his complaint allegation that he was retaliated against based upon any improper motive. Finally, even assuming he had made out a *prima facie* case of discrimination or retaliation, his claim *still* fails because has not shown that defendant's legitimate non-discriminatory reasons for terminating his employment were pretextual. *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253-54 (1981) (if a legitimate, nondiscriminatory reason is articulated by defendant, then plaintiff has the ultimate burden of proving the reason to be a pretext); *see also Miles v. M.N.C. Corp.*, 750

8

F.2d 867, 870 (11th Cir. 1985) ("Three types of evidence can be used to prove pretext: 1) comparative evidence; 2) statistical evidence; and 3) direct evidence of discrimination.").

For the reasons explained above, defendant's motion for summary judgment (doc. 19) should be **GRANTED** and Bigglest's case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this _30th_ day of July, 2012.

_M. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA